## Case No. 1,403.

### BIGGS v. BLUE et al.

[5 McLean, 148.] [1]

Circuit Court, D. Ohio. Oct. Term, 1850.

EJECTMENT — JUDGMENT—VALIDITY—REVERSAL — SCIRE FACIAS — ATTACHMENT—AFFIDAVIT — IRREGULARITIES—SET-OFF — VENDOR AND VENDEE —BONA FIDE PURCHASER.

1. When a title is set up under a judgment on an attachment, although the affidavit on which the writ issued does not appear in the record, the judgment cannot be treated as a nullity. This omission by the clerk does not show that no affidavit was made, as required by the statute.

2. When the court has a general jurisdiction, irregularities do not make void the proceeding.

[1] [Reported by Hon. John McLean, Circuit Justice.]

The proceedings on the attachment may be erroneous, which may be ground for reversal, but when the judgment is used collaterally, such errors do not make void the judgment.

[See Pennington v. Gibson. 16 How. (57 U. S.) 65; McGoon v. Scales, 9 Wall. (76 U. S.) 23; Miller v. U. S., 11 Wall. (78 U. S.) 268; Ludlow v. Ramsey, 11 Wall. (78 U. S.) 581.]

3. The attachment was laid on part of a larger tract of land, without describing specially the part. The judgment on the attachment after the sale of the land, was reversed. The Bank of Steubenville, the plaintiff in the attachment, became the purchaser. At common law, when a judgment is reversed, the party shall be restored to all he has lost. And where the thing lost is certain, this is done without a scire facias.

4. In a suit against administrator of Biggs by the bank, the amount at which the land was purchased was pleaded as an offset, and allowed the administrator.

5. The land having been sold to an innocent purchaser, the legality of the sale on the attachment becomes a question.

6. The sale of the tract followed the description of the property given on the service of the attachment, of a part of the tract. This is indefinite, but may be made sufficiently certain, if the residue of the tract had been sold. To afford an opportunity to show this fact a new trial is granted.

Stanton, Allison & Curry, for plaintiff. Mr. Stanbery, for defendants.

OPINION OF THE COURT. This is an action of ejectment for 666⅔ acres of land in Union county. A patent was given in evidence, dated the 15th March, 1822, to Benjamin Biggs, the ancestor of the plaintiffs. The survey was made the 29th October, 1801. The land is situated in the Virginia Military tract. The heirship of the plaintiffs was proved by several witnesses.

The defendants claim under an attachment sale; and the principal questions in the case arise, as to the validity of the proceedings on the attachment. It is contended that those proceedings are void on several grounds. 1. There is no affidavit, as the statute requires, in the record. As this question comes up collaterally, it is not necessary to inquire what effect the objection might have had before a court of error, called to revise the judgment on the attachment. But we apprehend that in such a case, the objection would not be available. In making up the record the clerk may have omitted the affidavit, supposing it not to be a part of the record; and if deemed a necessary part of it, on allegation of diminution a court of errors would award a certiorari to perfect the record. When the question comes up collaterally, as in this case, the court cannot presume there was no affidavit, from its not being copied into the record. We know, in fact, that there was an affidavit, as a copy of it certified is before us. But to this it is objected, that it is the copy of a copy.

The court in which the attachment issued had general jurisdiction, and a want of jurisdiction will never be presumed against it.

The rule is different as applied to inferior courts of a limited jurisdiction, where, upon the face of the proceedings, the jurisdiction must appear. In Voorhees v. Bank of U. S., 10 Pet. [35 U. S.] 449, the court say, there is no principle of law better settled, than that every act of a court of competent jurisdiction shall be presumed to have been rightly done till the contrary appears. In Grignon's Lessee v. Astor, 2 How. [43 U. S.] 319, it was held, that "it was for the court to decide upon the existence of the facts, which gave jurisdiction; and that the exercise of jurisdiction warrants the presumption that the facts which were necessary to be proved were proved." "The court say the power to hear and determine a cause is jurisdiction; it is coram judice whenever a case is presented which brings this power into action."

The attachment law requires a notice to creditors to be given three months, and it appears from the record that six weeks' notice only was given. On this ground a writ of error having been prosecuted to the supreme court of the state, the judgment on the attachment was reversed. There were other irregularities in the proceedings in the attachment assigned, but they were such as were proper to be considered by a court of errors, as they did not make the proceedings void. The Bank of Steubenville brought the attachment to recover a debt against Biggs, the ancestor of the plaintiffs, and the bank became the purchaser of the land which was sold under the attachment. And it becomes an important question to consider what effect the reversal of the judgment can have on the title to the land. At common law, if a judgment is reversed in error, the party shall be restored to all he has lost. And a writ of restitution will be issued to inquire what profits the plaintiff, who recovered, has taken or received from the land. C. P. 306. Where the money appears upon record to have been levied and paid, the defendant shall have restitution without a scire facias. If the plaintiff after a recovery in ejectment is disseized, or makes a feoffment, and then the judgment is reversed, a writ of restitution shall not be awarded against the disseizor or feoffor. 2 Salk. 587. But where money is levied under a judgment and paid to plaintiff, and the judgment is afterwards reversed, the party shall have restitution without a scire facias, as the amount is certain. 2 Salk. 588. The statute of 1st February, 1822, (2 Chase, St. p. 1238,) § 15, provides, "that if any judgment or judgments, in satisfaction of which any lands or tenements belonging to the party hath or shall be sold, shall at any time thereafter be reversed, such reversal shall not affect or defeat the title of the purchaser or purchasers, but in such case restitution shall be made of the moneys by the judgment creditor, for which such lands or tenements were sold, with lawful interest from the day of sale." In this statute there is no exception.

There seems to be no reported case in Ohio involving the precise points now before us. The case of Hubbell v. Broadwell's Heirs, 8 Ohio, 127, has no application where the creditor plaintiff is the purchaser and owner of the land. The court say, "Where lands have passed by a sale under execution to a stranger to the judgment, the statute compels the owner of the land, on reversal of the judgment, to pursue the fruits of the sale, into the hands of his antagonist. But when a party to the judgment purchases and continues to hold, the rule does not apply with the same force." This seems to be equivalent to saying that the statute does apply, but with less force. The court however add: "The purchaser is a party to the errors, and it seems most consonant with justice to restore the land itself to its original owner, where it remains between the original parties, and within reach of the court, no new rights intervening." Under the circumstances there was a decree for redemption.

It appears that by a decision of the supreme court in Jefferson county, in a writ brought by the Bank of Steubenville against the administrator of Biggs, on a note, the defense set up, under a notice was, that the defendants will claim a set off for twelve hundred dollars, the amount of a sale which is due and owing to defendant as administrator, &c. The cause appears to have been submitted to the court by consent of parties. And the court found that the said Biggs in his life time did assume in manner and form as stated by plaintiff. And they also found "that the defendant was entitled to offset the sum of eleven hundred and forty-two dollars and five cents, that being the amount of the purchase money and interest of the land purchased by the said bank, under the judgment which appears to have been reversed." Thereupon it was considered that the bank recover, &c., deducting the above sum.

The lessors of the plaintiffs claim under a patent, on a Virginia Military survey, No. 4075, situate on the waters of Mill creek, containing 666⅔ acres, more or less. The attachment was laid on No. of survey 4075, containing 375 acres, original quantity 666⅔ acres. The appraisers under the attachment returned, "also one tract of 375 acres on the No. 4075, original quantity 666⅔ acres." The deed by the sheriff on the sale under the attachment, states, "also one tract of 375 acres, on the map No. 4075, original quantity 666⅔ acres." The appraisement of the 375 acres, was at one dollar and twenty-five cents per acre; it was sold at 83⅓ cents per acre. The consideration named in the sheriff's deed to the bank was the sum of nine hundred forty-five dollars eighty-three and one-third cents, but this included other tracts than the one now in controversy. After the reversal of the judgment on the attachment, the consideration money paid by the bank, at the sheriff's sale, was claimed as an offset to a suit brought by the bank against the admin-

istrator of Biggs, and was allowed, so that no further demand exists by the plaintiffs against the bank. But the legality of that sale remains to be tested. The land attached and sold must be so described as to make it certain; for, if in this respect there was a want of certainty, the legal title of Biggs was not transferred to the bank, and from the bank to the present holders. Every tract attached, or levied on by execution, must contain that certainty of description which would be sufficient in a deed of conveyance. The attachment was laid on a part of a tract, without designating what part. This would seem to be an incurable defect of description, unless certainty can be shown from other facts. As, for instance, if Biggs had sold and conveyed all the tract except the number of acres on which the attachment was laid, that might, perhaps, show with reasonable certainty the particular part attached and sold. On this ground the court granted a new trial in the case, with the view to establish the doubtful points which seemed to have taken the defendants by surprise. They are innocent purchasers, and whilst they rest upon their legal rights, it is but just that they should have a full opportunity of establishing them.

A new trial is granted.