JONES *et al.*, v. DELASSUS, *Appellant.*

**1.** **Ejectment**: DEED BETWEEN TENANTS IN COMMON: SAVING CLAUSE. Where two tenants in common together used the common property as a landing place for steamboats, and one made a deed of quit-claim of his interest therein to the other, "saving and excepting" to himself, his wife, and their descendants the use and privilege in the land which they then enjoyed, so long as the same should remain a steamboat landing, the fee was thereby conveyed to the grantee, and he could maintain ejectment, but the grantor and his descendants are entitled to the use of the property in common with the grantee and those holding under him for the purposes reserved in the deed.

**2.** **Deed, Construction of.** A deed may be construed in the light of the circumstances under which it was made, and courts are not at liberty to disregard the construction given to it by the acts and conduct of the parties thereto for a period of years.

*Appeal from Perry Circuit Court.*—HON. J. L. THOMAS, Judge.

AFFIRMED.

*D. H. McIntyre*, with *J. Perry Johnson* and *John B. Hilmes* for appellant.

It is competent for a party who is the grantor of an estate to create an easement in his own favor, either in gross or annexed to his own land, by a reservation thereof inserted in his deed of the estate; or it may be done, though in terms it be an exception. *Bowen v. Conner,*

6 Cush. 132. The terms "reserve" and "reservation" are often used as synonymous with "except" and "exception," when the thing to be thereby secured to the grantor is a part of the granted premises; and when thus used, they are to be construed accordingly. *Pattee v. Hawes*, 13 Pick. 323, 326; *Vickerine v. Bushnell*, 13 Me. 289; *Sprague v. Snow*, 4 Pick. 54; *Whitaker v. Brown*, 46 Pa. St. 197; *Greenleaf v. Booth*, 6 Peters, 302, 310; *Thompson v. Megroy*, 4 Johns. 81. As to the construction of conveyances containing "reservation" and "exception," and as to what passes under these words in a grant similar to that now under consideration, reference is made to *Woodcock v. Estey*, 43 Vt. 515; *Emmerson v. Morney*, 50 N. H. 315; *Munn v. Worrall*, 53 N. Y. 44; *Handy v. Foley*, 121 Mass. 258; *Lacy v. Green*, 84 Pa. St. 514. Words of reservation in a deed may operate by way of exception and have that effect when the subject of the reservation is a thing corporate and *in esse*, when the grant is made. When in a deed as made, the grantor "saving and reserving nevertheless for his own use, the coal contained in the said piece or parcel of land, together with free ingress and egress by wagon road," etc., held an exception and that the entire perpetual property therein remained in the grantor. *Whitaker v. Brown*, 46 Pa. St. 197; *State v. Wilson*, 42 Me. 9. Although possession, or the right of possession in general, follows the delivery of a deed, it is competent for the grantor to reserve the possession to himself for a determinate or indefinite period either in the deed or by a contemporaneous instrument not merged in or extinguished by the deed, and such reservation does not constitute a tenancy under the grantee. *Mott v. Coddington*, 1 Robt. 267; *Provost v. Calder*, 2 Wend. 517; *Dygert v. Mathews*, 11 Wend. 36; *Jackson v. Swart*, 20 Johns. 835; *Jackson v. Bull*, 1 Johns. Cases 91.

*John H. Nicholson* for respondent.

The circumstances under which an instrument is

made may be looked to, to aid in its construction. *Gathwright v. Callaway Co.*, 10 Mo. 663–4; *Picot v. Page*, 26 Mo. 418. In determining the meaning of a written instrument, the acts of the parties thereto are entitled to great weight. *Patterson v. Camden*, 25 Mo. 13. If DeLassus had intended to reserve the exclusive use of the landing he would have used the word "exclusive." "The court will not introduce into a deed words which are not to be found there, nor strike out words which are there, in order to make the sense different." Broom s Legal Maxims (7 Am. Ed.) p. *545. Doubtful words and provisions are to be taken most strongly against the grantor. 5 Am. Dec. 154, 504; *Nelson v. Brodhack*, 44 Mo. 596.

BLACK, J.—This was an action of ejectment for a tract of some two acres of land in Perry county. The property is known as Bailey's Landing, and is on the Mississippi river. The case made concedes that Ceron E. DeLassus and Joseph V. Beauvais were the owners as tenants in common of a large body of lands, of which this was a part. In 1852 they made to each other quit-claim deeds for the purpose, it is admitted, of making partition of their lands. These deeds convey the land described in each, without mention of the fact that they were tenants in common. The deed from DeLassus to Beauvais includes within the boundaries this parcel, and the *habendum* clause concludes as follow : "Saving and excepting to my wife and myself, and our legitimate descendants, the use and privilege of the landing on the Mississippi river on the first tract or parcel mentioned in this deed, and the warehouse now at the same, which we now enjoy and possess, so long as the same shall remain a steamboat landing."

On September 23, 1855, Beauvais, by warranty deed, conveyed the lands allotted to him, to Francis L. Jones, in which deed there is also the following reservation or exception : "Saving and reserving, however, out of the

first named tract in favor of Ceron E. DeLassus and wife
and their legitimate descendants, the use and privilege
of the land on the Mississippi river, and the warehouse
now on the same, as same is reserved and excepted in a
deed from said Ceron E. DeLassus and wife to said Joseph
V. Beauvais, dated the 5th day of April, 1852, and for
the time therein stated, that is, so long as it shall remain
a steamboat landing.''

The evidence shows that DeLassus and Beauvais used
and carried on business at the landing together, to the
date of the deed to Jones; after that, Jones and DeLassus
carried on a shipping business together, and after the
death of the latter, his widow received one half of the
proceeds of the landing. Plaintiffs are the heirs of Jones,
and defendant is a son of Ceron E. DeLassus. Defend-
ant now, and for a few years before the commencement
of this suit, claims that he is entitled to the sole use and
possession of the landing, and his right depends upon
the clauses in the deeds before quoted.

If we look to the deed from DeLassus, it not appear-
ing to be for an undivided interest, the clause in question
would seem to imply that DeLassus should have the
entire use of the landing and warehouse, and if this
clause is to be regarded as a *reservation*, strength would
probably be added to this view, for he would then stand
upon the footing as having acquired the use as a grantee.
As the landing and warehouse were *in esse* at the time the
deed was made and were included within the general
description of the premises conveyed, we conclude the
clause should be regarded as an *exception*, and, there-
fore, the use remained to the grantor as of his former
right and title only, which was in common with Beauvais.
But the case does not depend upon such distinctions for
entire solution. That which is saved and reserved is that
use of the landing and warehouse ''which we now enjoy
and possess.'' What use did they, DeLassus and wife,

for they both joined in the deed, then enjoy and possess? To answer this we must look to the evidence *aliunde*, and from that it is seen the use was one in common with Beauvais. The deed was but a quit-claim and conveyed such interest in the land, and excepted such use and right to enjoy the landing as DeLassus then had and no more.

The deed may be construed in the light of the circumstances under which it was made. *Gathwright v. Callaway County*, 10 Mo. 664. Besides all this, the parties to this deed and those claiming under them, by their acts and conduct, for a period of some twenty years, gave to it a construction which the courts are not at liberty to disregard. *Patterson v. Camden*, 25 Mo. 13 ; *St. Louis Gas Light Co. v. City of St. Louis*, 46 Mo. 121. It follows that the right which DeLassus retained, to use the landing, was one in common with Beauvais, and it was this and this only, which was still reserved to De-Lassus in the deed to Jones. The plaintiffs are the owners of the fee, and they may maintain ejectment. *Morgan v. Moore*, 3 Gray 319 ; *Tillmes v. Marsh*, 67 Pa. St. 507. But their possession, when acquired, must be subject to the dominant estate of defendant, and the other descendants of DeLassus, that is to say, they may all use the landing in common, the descendants of De-Lassus having the use to the extent of one half, and the same to the heirs of Jones. This was the judgment below and it is affirmed. The other judges concur.