CLEVELAND CO-OPERATIVE STOVE CO. v. FRANK A. MEHLING.

1. PROCEDURE IN ATTACHMENT AND GARNISHMENT.

> While, in an attachment proceeding, in the absence of a showing that the court, by virtue of its writ of attachment or garnishment, has reached property of defendant, or that the court made any order finding it had jurisdiction to proceed to judgment, a stay of proceedings until plaintiff brings suit against the garnishee and it is made to appear that he is indebted, seems to be in harmony with the statute, it may well be doubted whether that is the only method the court may pursue.    The statute is not so specific as to the mode of procedure as to include one mode and exclude all others.

2. JUDGMENT PERSONAL IN FORM ON SERVICE BY PUBLICATION.

The affidavit for attachment and proceedings under it form no part of the pleadings, and where the court, in such a case, renders judgment, it is upon the pleadings. Therefore, in attachment where service was by publication, a judgment, personal in form, for the full amount of plaintiff's claim, is proper, although the facts in the case render such judgment valid only to the amount of the property attached.

3. DEFECT NOT AVAILABLE ON COLLATERAL ATTACK.

Where it appears that the court issued process of garnishment in a case in which it had jurisdiction, obtained service by publication, and seized property, and, after seizing such property, proceeded to judgment, the mere failure to spread upon the record a finding that the garnishee was indebted to the attachment debtor, if essential or proper, would amount to nothing more than an error, which could only be raised by proceedings in error, and is not a matter upon which a judgment can be collaterally attacked.

4. PRESUMPTION THAT COURT FOUND FACTS NECESSARY TO JUDGMENT.

Where the record shows that the writ was properly issued, service made by publication and property actually attached, and that the court proceeded to judgment, the mere failure to have the record show a finding that the garnishee had in his hands, property belonging to defendant, and an order to pay the same into court, does not of itself indicate a lack of jurisdiction. Under such circumstances, where the record is silent as to whether the garnishee was ordered to pay money into court, which would imply that the court had found that it had reached property of the defendant and had entered that upon record, it will, in a collateral proceeding, be presumed, where judgment was entered against the attachment debtor, that the court made such a finding.

5. ACTION IN THE NATURE OF COLLATERAL PROCEEDING.

An action against a garnishee to receive the amount due from defendant in the attachment suit at the time of the service of process, is collateral to the attachment suit.

HEARD ON ERROR.

*Wilcox & Friend*, for plaintiff in error.

*Weed & Meals*, for defendant in error.

CALDWELL, J.

This is a case on a petition in error from the court of common pleas, and it is claimed that that court erred in its rulings as to the jurisdiction of the court trying the original case out of which this action grew.

The defendant in error commenced a proceeding in attachment against the Elwood Gas Stove & Stamping Company, in which action the plaintiff issued a summons which was returned endorsed: "The defendants not found in the county." The action was for $173.37, with interest from September 1, 1893. Thereupon the plaintiff filed his affidavit for attachment, and the court made an order of attachment which was served upon the Cleveland Co-operative Stove Company as a garnishee, and a proper return of the writ was made into court; and thereafter an alias order of attachment was made, and an affidavit for service by publication, under which proper service was had. The garnishee answered in court, in which it denied that it owed the defendant in the action. And the case thereafter came on to be heard in court, and the defendant was found to be in default of answer or other pleadings; and thereupon the court rendered judgment against the defendant for the sum of $1,905.14. After the rendering of said judgment, this action was brought by Mehling against the Co-operative Stove Company to recover

from it the amount due to the defendant in the former action at the time the writ of garnishment was served upon the defendant in this action.

In this action it was claimed that there was no judgment against the defendant in the former action because the court had no jurisdiction of the defendant or any of its property; and that the record shows the want of such jurisdiction. And it is further claimed that the court had no jurisdiction to render any personal judgment against the defendant in the former action, even though it had jurisdiction of some of its property; and these claims of want of jurisdiction are based upon the state of the record in the former case as introduced in evidence in this case, and such want of jurisdiction is based upon the fact that the only attempt to attach the property of the defendant was by service of garnishee process upon the Cleveland Co-operative Stove Company, it having answered that it did not owe the defendant; and that the court was bound by that answer, could proceed no further; and it is claimed that the court did not proceed any further, and did not make an order upon the garnishee to pay any money into court; and that, before that case could proceed any further, the court must have reached some property of the defendant and must have so determined and entered upon its record such finding, and, after having so determined and entered the same upon the record, that it then might proceed further to try any questions that might arise between the plaintiff and the defendant.

The record, as introduced, does not show that the court, by virtue of its writ of garnishment, had reached any property of the defendant; nor does it appear from the record that the court made any order finding it had jurisdiction to proceed to judgment in the case.

And it is claimed in this case, that the only thing the court could do under the facts as they appear by the record of the former case, was to have stayed any further action in the original case until the plaintiff therein had brought suit against the garnishee and made it appear to the court that the garnishee was indebted to the defendant; and, after that fact is made to appear by the judgment of the court, and the court has so found and placed the same upon its record, then it may proceed to judgment in the original action.

This mode of proceeding, as claimed by the plaintiff in error, seems to be in harmony with the statutes provided in such a case; but whether it is the only mode that the court may pursue may well be doubted. The statute is not so specific as to the mode of procedure, as to include one mode and exclude all others.

The manner in which this question is raised in this action is collateral; it is not a direct attack upon the judgment in the original proceeding, and where there is no proof of what the court did actually do, other than appears by the record, the question becomes one of how far the court will presume that the court trying the first cause of action had jurisdiction.

The first question to be considered is, had the court jurisdiction to render a personal judgment in the original action; or is a personal judgment in an attachment case proper where the court has jurisdiction only *in rem* and not over the person of the defendant?

This question, it seems to us, is settled in the Supreme Court of this state, as well as in other courts. In Leonard v. Lederer, 8 Dec., 711, the amount of the claim was $300, and the amount of property attached was $80.00. The court had jurisdiction only *in rem*. The court say:

Stove Co. v. Mehling.

"That it was the duty of the justice of the peace in such case, to render judgment in favor of the plaintiff for the full amount of his claim, if within the jurisdiction of the justice." But while the judgment was, in form, a personal judgment for the full amount of the claim, it was only valid to the extent of the property attached.

And in the Chicago & Columbus Coal Co. v. Manley, 10 Dec. Re., 394, Judge Philipps made a holding to the same effect.

The reason for these holdings seems to be that the affidavit for attachment, and the proceedings under it, form no part of the pleadings and when the court renders a judgment, that judgment is rendered on the pleadings, and such judgment as they authorize, and the proceedings present simply a claim for personal judgment. The other facts of the case make that personal judgment good only for the amount of property attached.

In Whitman v. Keith, 18 Ohio St., 134, 135, it appears that a personal judgment was rendered in the original action, in favor of the attaching creditor against the attachment debtor, and the court so held. Howe recovered a judgment in his action against Cornwall in 1858, for the sum of $1,442.83. And this we believe to be the rule for entering judgment in such cases in this state; and there was no want of jurisdiction on the part of the court to enter the judgment it did, if it had jurisdiction to enter any judgment at all.

The next point relied upon is, that the original action is void for the reason that the court did not spread upon the record a finding that there was property in the hands of the garnishee. And it further appears from the record, that the court had no evidence before it on which it could make any such order. In the first place, the record as it appears, shows that an attachment was duly issued.

The proceedings up to that point are clearly shown by the record; that the writ of attachment was properly issued, and notice was duly served upon the garnishee. And the record as it appears in this case, shows that at that time, at the time of such service, the garnishee was indebted to the attachment to the extent of about $1,100. And when we take, therefore, into consideration all these facts that are appearing from both records, it would appear that the writ of attachment was duly issued and that the property of the attachment debtor was seized under the writ, and that, if those facts appeared in the original record it would amount to this: that the court had issued process in a case in which it had jurisdiction, and had seized property and, after seizing such property, proceeded to judgment; and the only fact then wanting in the record would be, that the court did not spread upon its record a finding that the garnishee was indebted to the attachment debtor. Would the want of such finding make the judgment a nullity in this action?

We think that if it was entirely proper for the court to spread that finding upon the record, that then, under the facts that we are now supposing, it would amount to nothing more than an error which could be raised only upon proceedings in error, and is not a matter upon which the judgment can be collaterally attacked.

In Payne v. Mooreland, 15 Ohio, 443, it is said:

"If the jurisdiction of the court once attached, subsequent irregularities would render the judgment voidable only, and it would remain valid until reversed, and cannot be impeached collaterally. What, then,

gives the court jurisdiction in a proceeding in attachment? The filing of the proper affidavit, issuing a writ, and attaching the property."

It would seem that all this the court did do. The affidavit was filed, the writ was issued and properly served, and property was actually attached as is shown by the judgment in this case; and the only thing wanting was, for the court to so find that it had attached property, and order the garnishee to pay into court.

In the same case, the court say this:

"We rest the case nakedly, upon the ground, so far as the proceedings in attachment are concerned, that there was a judgment of a court of competent jurisdiction, unreversed, conferring the power to sell the land in question, which cannot be impeached in this collateral way; that the defects and irregularities complained of, should have been remedied by writ of error, or motion."

National Bank of New London v. Railroad Co., 21 Ohio St., 221, 229, is a case to the same point.

The facts, then, appearing by the record before us, taking the entire record, that the affidavit had been filed, the writ issued, and property actually attached, if the record does not show that the court made a finding that it had in its hands property of the defendant and ordered the garnishee to pay the same into court, that such a defect would not oust court of jurisdiction.

Does the silence of the record import that the court did not find the facts necessary to give it jurisdiction to proceed to judgment in the case in the manner in which it did?

It is contended on behalf of the plaintiff in error that these facts must appear of record and, when they do not so appear, as a matter of law the court had no jurisdiction in the action to render the judgment.

This, we think, is not the law. If the record is silent on the subject, as it is in this case, as to whether the garnishee was ordered to pay money into court, which would imply that the court had found that it had reached property of the defendant and had entered that upon record, it will be presumed that the court made such finding.

It is the general rule, that where a court of general jurisdiction is to exercise its powers upon the state of facts to be proved before it, the proof is presumed to have been made and the existence of the fact can not be denied.

And it is said in Maxsom v. Sawyer, 12 Ohio, 195, 207: "If A authorize B to do an act, B's authority must be proved; but when a court of general jurisdiction is required to exercise its powers upon a given state of facts within that jurisdiction, to be proven before it, from the action of the court, the requisite proof is presumed to have been given, and the existence of the facts cannot afterwards be collaterally questioned."

In Lessee of Glover's Heirs v. Ruffin, 6 Ohio, 255, it is said;

"In the case of an order for sale of real estate on petition for partition, under the act of 1810, the proceedings being *in rem* before a court of competent jurisdiction, it must be presumed that the court made the order, on a state of facts being proved that gave jurisdiction and authorized the exercise of it."

The same rule is laid down in Shroyer v. Richmond, 16 Ohio St., 455; Carper v. Richards, 13 Ohio St., 219, 227; Root and McBride Bros. v. Davis, 51 Ohio St., 29, 38; and in a case in Minnesota, to which our

Stove Co. v. Mehling.

attention has been called, Stone v. Mayers, 9 Minn., 3C3; and in that case, the court say :

" Whether the defendant, Jacob Mayers, had property in the state to give the court jurisdiction in the action mentioned in the complaint wherein the plaintiff recovered judgment against him, is not a question that can be raised in this collateral way. We regard the fact of that judgment having been so rendered, as conclusive upon that question except in a direct proceeding in the action itself for relief."

The cases cited from this state, are mostly to the effect, that if a certain state of proof exists and the record is silent as to what the court did, and, yet, further on in the case, the court rendered a judgment, it will be presumed that the court entered the proper order upon the state of facts shown to have existed.

It is claimed in this case, that the facts upon which the court might be presumed to have made the order, are not shown to exist, by the record. But the record is silent as to what was shown before the court, except that the answer of the garnishee was carried into the court as made up in the court. It is silent and properly so, as to any other proof the court might have had before it, as to the indebtedness of the garnishee to the defendant. It would have been entirely proper in that case, if the plaintiff was dissatisfied with the answer of the garnishee, to have obtained an order for him to have answered over, or for him to have made further disclosure, and, if this had been done, it would not be a matter to be shown by the record. And, in view of the law upon that matter, it is much more consistent to hold that the court had before it the proper facts, and did make the proper order although not shown by the record, than to hold that the court had no jurisdiction, especially in a matter of collateral attack ; and the case of Stone v. Mayers, *supra*, is in point, as follows.

" It has been held that where the record in attachment proceedings fails to show an affidavit or a bond, it will be presumed that they were filed, and it is held that the same presumption in favor of the jurisdiction in attachment cases must be indulged as in other cases." 4 Blackford, 263 ; 84 Mo., 546 ; 5 McLean, 148.

The rule established by the Supreme Court of the United States, seems to be, that, when a superior court renders a judgment or decree for foreclosure and lien, or for the sale of property of a non-resident, on service by publication, without attachment, the judgment or decree is void unless the record shows the jurisdictional facts, but that if the proceeding is by attachment or *in rem*, it is not void unless the record affirmatively shows a want of jurisdiction. Cooper v. Reynolds, 77 U. S., 10 Wall., 308 ; 85 U. S., 18 Wall., 457.

And in 35 U. S., 10 Peters, 449, the court hold, that a judgment ordering the sale of lands attached, was not void because all the necessary steps did not appear in the record.

It has been held in some courts, that when a proceeding in foreign attachment is exercised, is done under a special statutory power and that the jurisdiction must appear or the judgment is void. But the general holding of the courts is, that the rule in garnishment cases is the general rule.

We are cited to Myers v. Smith, 29 Ohio, 120. This case holds that the fact that property of the defendant, subject to garnishment, is in the hands of the garnishee, must be found before a suit in attachment can proceed to

final judgment; but it does not hold that such finding must be spread on the record ; nor does it hold that if no such finding is made, it would be a matter which would subject the judgment to collateral attack. If the general rule is followed in such a case, it would be presumed that the court had before it the proper evidence to make the necessary order and that the order had been made notwithstanding the silence of the record. These questions did not arise in that case. And, while the rule laid down by the court is, undoubtedly, the law, yet the real questions to be solved in this case are not involved in the case in Myers v. Smith, *supra*.

It is claimed that the judgment is wrong, in that it is not sustained by the evidence; and the question, being tried upon evidence, was that the defendant below claimed that another company was carrying on the business from and after February 2 1895, and that the goods that it purchased from and after that date, were not bought from the defendant in the original action, but from entirely another defendant; whereas the plaintiff below claimed that the goods were all bought from the defendant in the original action. And it appears that a contract was entered into on or about February 2, 1895, by which this new company was to carry on the business but the question is contradictory as to when it did actually commence to carry on the business, and that contradiction is carried to that extent that it would be improper for us in this case to interfere with the conclusion reached below; and that is true of all evidence bearing upon that question and as to all questions of fact tried by the court below.

We find no error in the record before us, and the judgment of the lower court is affirmed.